CARTER, Judge.
These consolidated actions arise out of suits instituted by the parishes of Ouachita and East Baton Rouge for reimbursement for expenses incurred in keeping and feeding individuals committed to the Department of Public Safety and Corrections (Department).
FACTS
The courts in both Ouachita and East Baton Rouge Parishes, sitting as juvenile courts under the Code of Juvenile Procedure, issued judgments of disposition on various juveniles. These judgments of disposition committed the custody of the juveniles to the Department. Following these judgments of disposition, the juveniles were returned to parish detention facilities to await transfer to the Department. During the time the juveniles remained in the parish facilities following the judgment of disposition, the parishes paid for the care and treatment of the juveniles and the Department did not reimburse the parishes for these expenses.
On April 29, 1985, the Ouachita Parish Police Jury filed suit against the Department for $35,967.27 ($81.93 per day per juvenile) as reimbursement for the cost of feeding, housing, educating and providing medical care for ten juveniles committed to the Department, but whose transfers were delayed. Thereafter, on May 30, 1985, the Parish of East Baton Rouge filed suit against the Department for $12,227.50 ($18.25 per day per juvenile) as reimbursement under LSA-R.S. 15:824 for all costs incurred by the parish for housing some thirty-three juvenile offenders committed to the Department. The suits were subsequently consolidated.
The trial court determined that LSA-R.S. 15:824 applied to juveniles held in parish detention facilities and that the Department owed each parish reimbursement of $18.25 per day per juvenile from the date of the judgment of disposition until the juveniles were placed in the custody of the Department.
From this judgment, the Department appeals, raising one issue, namely whether the trial judge erred in finding that LSA-R.S. 15:824 applies to juveniles being held in a parish detention facility after commitment to the Department.
DISCUSSION .
LSA-R.S. 15:824(B)[1] provides as follows:
*76 In the event any individual has been committed to the department for confinement which is or has been delayed or prevented after final sentence by court order restricting the department from institutionalizing the individual, or where the individual is not institutionalized in a state penal or corrections institution because of lack of facilities under the control of the department, or the department otherwise refused to accept the individual for confinement, which resulted or has resulted in the individual being confined in a parish jail or institution after final sentence, or where he is being held in the parish jail without bail, pending an appeal, the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail the sum of eighteen dollars and twenty-five cents per day from date of sentencing until the individual is confined in a penal or correctional institution under the supervision of the department. The department shall, in addition, reimburse the cost of medical expenses furnished from sources outside of the parish facility, if free state facilities have not been utilized. Each sheriff shall file a monthly report with the department and the local governing authority and be paid on a monthly basis. However, in the parish of Orleans, said payment shall be to the criminal sheriff of the parish of Orleans, to be reimbursed to the city of New Orleans.
When the state makes payment in accordance with this Subsection, no additional compensation from the parish governing authority shall be paid to the sheriff for the care of those prisoners being held for the department. (Emphasis added)
Under this provision, when any individual has been committed to the Department for confinement and his commitment is delayed, the Department must pay the governing authority of the parish the sum of $18.25 per day per individual.
In the instant case, the “individuals” who have been committed to the Department and whose confinement has been delayed are juveniles. The Department contends that under LSA-C.J.P. arts. 83-85, juveniles can only be found to be delinquent, in need of supervision, or in need of care and cannot be placed in penal or correctional institutions. The Department reasons that LSA-R.S. 15:824 is, therefore, inapplicable to juveniles.
LSA-C.J.P. art. 83 provides, in pertinent part, as follows:
A. In cases in which a child has been adjudicated a delinquent the court may:
(4)(a) Commit a child adjudicated delinquent, and thirteen years of age or older at the time of the commission of the delinquent act or acts, to the custody of the Department of Public Safety and Corrections;
(b) Commit a child adjudicated delinquent, and under thirteen years of age at the time of the commission of the delinquent act or acts, to the custody of the Department of Public Safety and Corrections if the delinquent act or acts would have constituted a felony if committed by an adult.
LSA-C.J.P. art. 84 provides, in pertinent part:
In a case in which a child has been adjudicated to be in need of supervision, the court may:
(6) Commit the child to the Department of Public Safety and Corrections for care and treatment. The department, however, shall not place a child in need of supervision in a correctional facility designed and operated exclusively for delinquent children.
LSA-C.J.P. art. 85 provides, in pertinent part:
B. A child in need of care shall not be committed to the Department of Public Safety and Corrections, nor shall such department accept a child in need of care.
*77 Under LSA-R.S. 15:824, the parishes are entitled to reimbursement of $18.25 per day for each individual properly committed to the Department. LSA-C.J.P. arts. 83 and 84 permit the court to commit juveniles adjudicated delinquents or in need of supervision to the Department. Accordingly, the Department owes each parish reimbursement of $18.25 per day per juvenile.[2]
For the above reasons, judgment of the trial court is affirmed. Costs in the amount of $378.60 are assessed against the Department.
AFFIRMED.

. The section heading and subsec. B of this section were amended by Acts 1985, No. 961, § 1, effective July 1, 1986. However, Acts 1985, No. 961 was suspended until the sixtieth day after final adjournment of the 1987 Regular *76 Session by Senate Concurrent Resolution No. 53 of the 1986 Regular Session.

. It is undisputed that the claims for reimbursement by the parishes of Ouachita and East Baton Rouge are for juveniles properly committed to the Department under LSA-C.J.P. art. 83 and 84.